IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC GALLOW,

Plaintiff,

v. No. 1:26-cv-00081-SMD-KRS

STATE OF NEW MEXICO, ROSALYN FRELIX,
NORMAN SHATTO #5776, SONNY MOLINA #5232,
SALLY GALLOSA #1440, EMMA ROMERO #8528,
TYLER SCHULTZ #7723, ERIK HERRERA #6401,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Non-Suable Entity Albuquerque Police Department's Motion to Dismiss Plaintiff's Civil Complaint in Lieu of Answer. Doc. 5 (the "Motion"). Plaintiff did not respond to the Motion. *See* Notice of Completion of Briefing, Doc. 6 (the "Notice"). The Court has reviewed the Motion, the operative Complaint, the state-court record, and the relevant law. For the reasons below, the Motion is **GRANTED** to the extent the Albuquerque Police Department ("APD") seeks a determination that it is not a party under the current operative Complaint and therefore is not required to answer or otherwise respond to that pleading.

## BACKGROUND

Plaintiff Eric Gallow, proceeding *pro se*, filed this action in the Second Judicial District Court of New Mexico. APD removed the action to this Court. *See* Notice of Removal, Doc. 1 (the "Notice of Removal"). The state-court record includes Plaintiff's Civil Complaint. *See* Doc. 4-1 at 8–9 (the "Complaint"). The Complaint names as defendants the State of New Mexico, Rosalyn Frelix, Norman Shatto, Sonny Molina, Sally Gallosa, Emma Romero, Tyler

Schultz, and Erik Herrera. Complaint at 8–9. APD is not named in the caption. *Id.* The Complaint seeks damages for alleged civil-rights violations, malicious prosecution, misconduct, false evidence, falsification of a police report, and failure to investigate properly, and it contains a handwritten reference to 42 U.S.C. § 1983. *Id.* at 8. The body of the Complaint does not identify APD as a defendant or alleged conduct by APD as an entity. *Id.*

The removal record also contains a summons form directed to "Albuquerque police department." *See* Doc. 1-1 (the Summons"). The spaces for the date of issuance and the deputy clerk's signature on that form are blank. *See id.* APD states that it received the document on December 17, 2025, but that it had not been issued by the state court and was not accompanied by a copy of the Complaint. Motion at 1. APD removed the action and then filed the present Motion. *See* Notice of Removal, Motion. APD asks the Court to declare that it is not a party under the current operative Complaint and is not required to respond to it. Motion at 2. APD alternatively requests an opportunity to respond substantively if the Court determines that the Complaint asserts a claim against APD. *Id.*

APD served the Motion on Plaintiff on January 23, 2026. Notice at 1. Plaintiff did not file a response by the February 6, 2026 deadline identified in APD's Notice of Completion of Briefing. *Id.* at 1–2. APD therefore contends that Plaintiff consented to the Motion under D.N.M.LR-Civ. 7.1(b). *Id.* at 2.

## LEGAL STANDARD

Although D.N.M.LR-Civ.7.1(b) provides that failure to serve a timely response constitutes consent to grant a motion, a district court may not grant a Rule 12(b)(6) motion solely because the nonmoving party failed to respond. *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003). The Court must examine the complaint and determine whether dismissal is

legally warranted. *Id.* Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction, however, does not permit the Court to assume the role of advocate for a pro se litigant. *Hall*, 935 F.2d at 1110.

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). But a party omitted from the caption may nevertheless be before the court when "the allegations in the body of the complaint make it plain the party is intended as a defendant." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Consistent with that rule, in a *pro se* case in which the plaintiff names the wrong defendant or the defendants' identities are unclear from the caption, courts may look to the body of the complaint to determine the intended and proper defendants. *Trackwell v. United States Government*, 472 F.3d 1242, 1243–44 (10th Cir. 2007). Applying *Trackwell*, this Court has likewise looked beyond the caption when the body of a pro se complaint itself made the intended defendants clear. *See Brown v. City of Las Cruces Police Department*, 347 F. Supp. 3d 792, 806 (D.N.M. 2018).

**DISCUSSION**

The Court does not treat APD's omission from the caption as dispositive. Consistent with *Trackwell* and the liberal construction afforded pro se pleadings, the Court has examined the Complaint as a whole. The Complaint neither names APD in its caption nor identifies APD in its body. Complaint at 8–9. Although the Complaint challenges alleged misconduct in a police investigation and names several individual officers as defendants, it does not allege that APD, as an entity, committed any act giving rise to Plaintiff's claims. *Id.*

That distinguishes this case from decisions in which the operative pleading itself made an omitted defendant's identity plain. In *Trackwell*, although the caption named only the United States Government, the body of the pleadings made clear that the plaintiff sought relief against the Supreme Court and its Clerk. 472 F.3d at 1243–44. In *Brown*, the caption omitted several individuals, but a "PARTIES" section in the body expressly identified them; the court therefore concluded that the body of the complaint made the intended defendants clear. 347 F. Supp. 3d at 806. Similarly, in *Aguilera v. City of Las Cruces*, the court liberally construed a *pro se* complaint as seeking to hold unnamed persons responsible because "the bulk of the complaint" described the wrongs they allegedly committed. 2022 WL 1321152, at *1 (D.N.M. May 3, 2022) (describing prior ruling). No comparable allegation or identification of APD appears in Gallow's Complaint.

The separate summons form does not change that conclusion. It is evidence that Plaintiff may have intended to sue APD, and the Court has considered it for that limited purpose. *See Meadows v. Whetsel*, 245 F. App'x 860, 862 (10th Cir. 2007) (considering, among other circumstances, the parties for whom a *pro se* plaintiff sought summonses in determining the intended defendants). But *Meadows* considered the summons requests together with the complaint and the plaintiff's other filings; it did not hold that summons activity independently supplies a defendant or claim absent from the operative pleading. *See id.*

Here, the Complaint itself neither identifies APD as a defendant nor alleges conduct by APD as an entity. Construing it to assert a claim against APD based solely on the separate summons form would require the Court to supply a party and claim that the operative pleading does not contain. *See Hall*, 935 F.2d at 1110 ([W]e do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant."). The summons form also

does not bear a completed issuance date or deputy-clerk signature, and APD states that no copy of the Complaint accompanied it. *See* Motion at 1. Accordingly, the summons form does not alter the Court's conclusion that the operative Complaint itself asserts no claim against APD.

The Court therefore concludes that the current operative Complaint does not assert a claim against APD. APD is not required to answer or otherwise respond to that pleading. Because that determination resolves the relief APD principally requests, the Court does not reach whether APD is a suable entity under § 1983 or the merits of any potential claim against APD. Plaintiff has not sought leave to amend, and the Court does not address amendment. Nothing in this Order adjudicates Plaintiff's claims against the defendants identified in the operative Complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Non-Suable Entity Albuquerque Police Department's Motion to Dismiss Plaintiff's Civil Complaint in Lieu of Answer (Doc. 5) is **GRANTED** to the extent APD seeks a determination that it is not a party under the current operative Complaint and is not required to answer or otherwise respond to that Complaint. The Court does not reach APD's alternative substantive grounds for dismissal.

**UNITED STATES DISTRICT JUDGE**
**SARAH M. DAVENPORT**