**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| ERIC GALLOW,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW MEXICO; ROSALYN FRELIX; NORMAN SHATTO #5776; SONNY MOLINA #5232; SALLY GALLOSA #1440; EMMA ROMERO #8528; TYLER SCHULTZ #7723; and ERIK HERRERA #6401,<br><br>Defendants. | ) | No. 1:26-cv-81-SMD-KRS |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court *sua sponte* upon its review of the docket. *Cf. Lowrey v. Sandoval Cnty. Children Youth & Families Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (unpublished) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [notice of removal]"). For the reasons that follow, the undersigned recommends that the case be remanded.

**Background**

Plaintiff Eric Gallow, proceeding pro se, filed this action in the Second Judicial District Court of New Mexico. The state court complaint seeks damages for alleged civil-rights violations, malicious prosecution, misconduct, false evidence, falsification of a police report, and failure to investigate properly, and names as defendants the State of New Mexico, Rosalyn Frelix, Norman Shatto, Sonny Molina, Sally Gallosa, Emma Romero, Tyler Schultz, and Erik Herrera. *See* (Doc.

1-3 at 8-9). The Albuquerque Police Department ("APD") is not identified as a defendant in either the case caption or the body of the state court complaint. Furthermore, the complaint does not allege any conduct by APD as an entity. *See* (Doc. 14 at 2). Nevertheless, on January 16, 2026, APD removed the complaint to this Court, and on January 23, 2026, it filed a motion to dismiss. (Doc. 5). The motion to dismiss asked the Court to declare that APD is not a party under the state court complaint and is not required to respond to it. (*Id.* at 2). On September 30, 2026, the presiding district court judge granted APD's motion to dismiss, holding that "the current operative Complaint does not assert a claim against APD," and that "APD is not required to answer or otherwise respond to that pleading." (Doc. 14 at 5).

**Discussion**

Section 1441 of the United States Code states that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 26 U.S.C. § 1441(a) (emphasis added). This case was removed from state court by APD. The Notice of Removal refers to APD as the "removing Defendant." (Doc. 1). But the presiding district court judge has held that APD is *not* a defendant in this action. Accordingly, this case was removed by a non-party to the action.

The Court is unaware of any actual named defendant having been served or having appeared in the case. There is no indication on the docket that service on any of the identified defendants has been made or even whether any summonses have been issued. And APD states in the Notice of Removal that, "[a]s of January 16, 2026, pursuant to the New Mexico Courts Case

Lookup, summonses have not been issued to any of the Defendants," and, "[u]pon information and belief, all non-removing Defendants have not been served with the Complaint, have not accepted service of the Complaint, and have not waived service of the Complaint." (Doc. 1 ¶ 9). Therefore, APD did not seek the consent to removal by any named Defendant. (*Id.*). The Notice of Removal states that "written notice of this Notice of Removal has been given to all adverse parties" (*id.* ¶ 10), but it does not indicate whether any of the named defendants (who are referred to in the Notice of Removal as the "non-removing Defendants") received notice of APD's removal of the case. Plaintiff did not file a response to APD's motion to dismiss, and indeed has not appeared in the action since it was removed.

Because APD has been found to be a non-party, it was not entitled to remove this action. *See, e.g., Gay v. United Servs. Auto. Ass'n,* No. CIV-19-00755-PRW, 2021 WL 2392425, at *3 (W.D. Okla. June 11, 2021) ("There is no authority under which USAA CIC could unilaterally appear in a case in which it was not named as a defendant and invoke the removal statute. Consequently, the Court lacks subject matter jurisdiction over this lawsuit."); *New Mexico ex rel. Balderas v. Valley Meat Co., LLC,* No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *23 (D.N.M. May 20, 2015) ("It is unlikely that Congress accidentally used the term 'defendant' seventeen times if it really meant 'person with an interest in the litigation.' … D'Allende Meats is not named in the Complaint, it is thus not a defendant, and it therefore may not remove the case to federal court." (citing cases)); *see also Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534 (D. Del. 2010) (noting that the "plain language" of the removal statute "limits the right of removal to the 'defendant' or 'defendants'" (citing *Am. Home Assurance Co. v. RJR Nabisco Holdings Corp*., 70 F.Supp.2d 296 (S.D.N.Y.1999) (concluding that "a non-party—even one that, like Nabisco, claims to be a real party in interest—has no authority to notice removal under the statutes here utilized")),

and *Sheppard v. Sheppard (In re: Notice of Removal)*, 481 F. Supp. 2d 345, 438 (D.N.J. 2007) (where husband's health insurance carrier removed divorce proceedings purporting to be an "additional defendant" to the case because it was ordered by the state court to insure the wife, court holds that "[t]o interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff"))).

"In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446. Where, as here, a non-party purports to remove a state court action to federal court, such removal is 'improvident and without jurisdiction.'" *Juliano v. Citigroup, N.A.*, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) (citations omitted); *see also Adams v. Adminastar Defense Servs., Inc.*, 901 F. Supp. 78, 79 (D. Conn. 1995) ("It is axiomatic that in the usual case removal can be achieved only by a defendant, who is by implication a party to the state-court action."); *Conway v. Delgado*, C.A. No. 92–0905(JHG), 1992 WL 189428, at *2 (D.D.C. July 21, 1992) (concluding that the parties seeking removal from state court did not have standing to remove a case in which they were not defendants); *Kane v. Republica De Cuba*, 211 F. Supp. 855, 856–58 (D.P.R.1962) (remanding action where non-party who attempted removal could have intervened in the action to make its removal "unimpeachable").

## Conclusion

Section 1447 provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). "The weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party." *Juliano*, 626 F. Supp. 2d at 319. Accordingly, the undersigned recommends that the case be remanded to state court.

This 5th day of October, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**